UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

LESTER WILLIAMS,

                    Petitioner,                         Case No. 1:08-cv-875

v.                                                      Honorable Janet T. Neff

PEOPLE OF THE STATE
OF MICHIGAN,

                    Respondent.
_____/

## REPORT AND RECOMMENDATION

          This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary

review of the petition to determine whether "it plainly appears from the face of the petition and any

exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES

GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed.

Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen

out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which

raise legally frivolous claims, as well as those containing factual allegations that are palpably

incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua*

*sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547

U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition

is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner Lester Williams presently is on parole under the supervision of the Michigan Department of Corrections.[1]  On October 10, 2001, he was convicted by a Berrien County jury of assault with intent to commit great bodily harm less than murder, MICH. COMP. LAWS § 750.84, carrying a concealed weapon, MICH. COMP. LAWS § 750.227, and possession of a weapon during the commission of a felony, MICH. COMP. LAWS § 750.227b(a).  He was sentenced on December 10, 2001 to terms of 38 months to 10 years, 23 months to 5 years, and 2 years, respectively.

The procedural history of this case is extensive.  The facts set forth below were taken from the amended petition and from the June 19, 2007 order of the Berrien County Circuit Court denying Petitioner's motion for relief from judgment. (*See* Am. Compl. at 2-4 & Att. at 38-40, docket ##8-1, 8-2.) At the time of sentencing, the circuit court provided Petitioner with a form to request appointed counsel on appeal and advised Petitioner to file the form within 42 days.  He did not do so.[2]  Instead, he filed an application for leave to appeal to the Michigan Court of Appeals on December 27, 2001.  On January 10, 2002, the court of appeals sent him a letter informing him of defects in the appeal and advising him as to how he should perfect his appeal.  On February 28, 2002, the appeal was dismissed without prejudice because Petitioner had failed to correct the filing defects.

---

[1]This Court has subject matter jurisdiction over Petitioner's habeas petition, pursuant to 28 U.S.C. § 2254(a), because Petitioner was "in custody" at the time he filed the petition in the district court. *See Jones v. Cunningham*, 371 U.S. 236, 242 (1963) (holding that petitioner who was on parole was still "in custody" for habeas purposes).

[2]Petitioner did not file the form and alleges that he was provided the wrong form and that he received instead was the request-for-counsel form for defendants who pleaded guilty.

- 2 -

On March 11, 2002, Petitioner sent a letter to the Berrien County Circuit Court, asking why he had not heard from his court-appointed attorney and inquiring whether the court had appointed an attorney.  The circuit court took no action in response to the letter.  On December 3, 2002, Petitioner sent to the circuit court a petition for appointment of counsel and included a variety of attachments.  Among those attachments, Petitioner provided a copy of a signed request for counsel dated April 23, 2002, which had never been received or filed by the circuit court.  The circuit court took no action on the December 3, 2002 petition.

Two years passed before Petitioner took any further action to seek state-court review or to renew his request for counsel.  On December 12, 2004, Petitioner filed a motion requesting transcripts in the Berrien County Circuit Court.  The motion was granted on January 24, 2005, and the transcripts were filed on June 22, 2005.  Petitioner again took no action until February 9, 2006, when he filed a claim of appeal and requested that counsel be appointed.  On April 12, 2006, the circuit court granted his request and appointed counsel.  Counsel received the transcripts on May 10, 2006 and filed a delayed application for leave to appeal to the court of appeals on December 18, 2006.  The court of appeals dismissed the application on January 5, 2007 because it was not timely filed within one year of the judgment of conviction, as required by MICH. CT. R. 7.205(F).

Appointed counsel filed a motion for relief from judgment in the Berrien County Circuit Court on January 16, 2007.  The court denied the motion on June 19, 2007.  Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court, which denied leave to appeal on August 29, 2007 and November 29, 2007, respectively, on the grounds that Petitioner had failed to demonstrate entitlement to relief under MICH. CT. R. 6.508(D).  Petitioner filed his habeas action in the Eastern District of Michigan on September 11, 2008.

II.      <u>Statute of Limitations</u>

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[3]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

---

[3]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the amended habeas application, Petitioner attempted to appeal his conviction to the Michigan Court of Appeals, but the appeal was dismissed without prejudice because of filing defects. Petitioner made no further attempt to file a direct appeal of his conviction until December 18, 2006, and his appeal was dismissed at that time because it was filed beyond the one-year time period provided in MICH. CT. R. 7.205(F) for filing a delayed application for leave to appeal. Petitioner therefore never properly filed a direct appeal of his conviction.

Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*." ) (emphasis added). Petitioner had one year from the judgment of sentence, or until December 10, 2002, in which to a file delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, no judgment on the merits of Petitioner's claims existed from which he could seek further review in the Michigan Supreme Court. Thus, Petitioner may not count the time for filing an appeal in the Michigan Supreme Court; nor may he count the 90-day period for filing a petition for a writ of certiorari. *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed

to file a direct appeal to the court of appeals, the time for filing a petition does not include the ninety-day period for seeking certiorari in the United States Supreme Court because no judgment exists from which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31(2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Consequently, Petitioner's conviction became final on December 10, 2002.

Petitioner had one year, or until December 10, 2003, in which to file his habeas application. Petitioner filed on or about September 11, 2008. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling, his application is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations iss tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period has expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *McClendon*, 329 F.3d 490). Because Petitioner's one-year period expired in 2003, his collateral motion filed in 2007 does not serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen*, 366 F.3d at 401;

*Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).   The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall,*  295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Lawrence*, 127 S. Ct. at 1085 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

        Petitioner has not raised equitable tolling in his amended habeas petition, but he alleges facts that warrant consideration as to whether equitable tolling should apply.  Petitioner sought the appointment of appellate counsel in his letter of March 11, 2002 and again on December 3, 2002, when he filed his petition seeking appointment of counsel.  Both requests were filed before the expiration of his time for filing a delayed application for leave to appeal in the Michigan Court of Appeals.  Neither motion was ever addressed by the state court.

        For purposes of this motion, the Court will consider that Petitioner was diligent in attempting to exercise his right to counsel during this time period.  However, the period of Petitioner's diligence occurred before his conviction was final.  Thereafter, while his habeas statute of limitations was running, Petitioner did nothing to pursue the appointment of counsel and had no further communication with the trial court for two full years.  Even then, on December 12, 2004, Petitioner filed only a motion requesting transcripts.  He did not renew his request for counsel until February 9, 2006, over three years after his December 3, 2002 request was filed, fourteen months after his motion requesting transcripts and eight months after the transcripts were filed.

In light of the long periods during which Petitioner took no action to further his appeal or his right to counsel, Plaintiff does not demonstrate the requisite diligence required by *Lawrence*, 127 S. Ct. at 1085, and *Pace*, 544 U.S. at 418.  Further, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").  Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds.  *See Day*, 547 U.S. at 210.  This report and recommendation therefore shall serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred.  The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

## **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date:  January 14, 2009                           /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  United States Magistrate Judge

- 8 -

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).